UNITED STATES (REDMAN v.). See Case No. 11,631.

---

## Case No. 16,133.

UNITED STATES v. REDY.

[5 McLean, 358.][1]

Circuit Court, D. Ohio. Oct. Term, 1852.

CUTTING TIMBER ON PUBLIC LANDS—INDICTMENT.

1. Under the act of congress, it is not necessary to describe in an indictment for trespass on the public lands, every kind of timber that was cut.

2. It is sufficient to name one or more species, and in the words of the statute allege other timbers.

3. An indictment will lie for cutting timber on any of the public lands, though it may not have been reserved for naval purposes.

Mr. Mason, U. S. Dist. Atty.
Morton & Leland, for defendant.

OPINION OF THE COURT. This is an indictment for cutting walnut and other trees on the public lands of the United States. It was objected that no other timber except what is named in the indictment ·can be proved. But THE COURT held that under the allegation of other timber, proof other than walnut trees was admissible to the jury.

An objection was also made, that an indictment would not lie for a trespass on the public lands, unless such lands had been reserved for naval purposes. But THE COURT ruled an indictment could be sustained, under the decisions, for the cutting of timber on the public lands which had not been reserved for naval purposes.

THE COURT instructed the jury must be

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

satisfied that the person who cut the timber, was employed by the defendant, and that the timber was cut by his direction. If this be proved, the defendant is answerable, under the law, the same as if the defendant had in person committed the trespass.

The jury found the defendant not guilty.